Jason A. Newfield (JN-5529)
Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

KIM FERRARA,

                    Plaintiff,

        - against -

HARTFORD LIFE INSURANCE
COMPANY,

                   Defendant.

: 07CV08179

: ECF

: **COMPLAINT**

------------------------------------------------------------

       Plaintiff, KIM FERRARA, by and through her attorneys, FRANKEL & NEWFIELD, P.C.,
as and for her Complaint against Defendant HARTFORD LIFE INSURANCE COMPANY
("Hartford"), hereby sets forth the following:

### THE PARTIES

       1.     At all times hereinafter mentioned, Plaintiff KIM FERRARA, was and still
is a resident of the State of New York.

       2.     Upon information and belief, at all times hereinafter mentioned, Defendant
Hartford is a publicly owned life insurance company with its principal place of business at 200
Hopmeadow Street, Simsbury, CT 06089.

       3.     Upon information and belief, at all times hereinafter mentioned, Defendant
is a corporation duly licensed to conduct business in the State of New York.

4.      Hartford insures the group LTD policy, number GRH 674570 issued to the policy holder North Shore Long Island Jewish Health System, Inc. ("NS-LIJ"), for the benefit of certain of its employees.

5.      Plaintiff last worked at NS-LIJ in 2003, at which time she was a "participant", as defined by 29 U.S.C. § 1002, in the Employee Benefit Plan providing Group Long Term Disability Benefits for employees of NS LIJ ["the Plan"].

### JURISDICTION AND VENUE

6.      Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

7.      Venue in the Southern District of New York is appropriate because Defendant Hartford resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

8.      Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

### FACTS

9.      At all times hereinafter mentioned, Plaintiff was an employee of NS- LIJ.

10.     During Plaintiff's employment with NS-LIJ, Defendant Hartford issued to NS-LIJ a long term group disability income policy (hereinafter the "Policy").

11.     At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible NS-LIJ employees in exchange for the payment of premiums by NS-LIJ and/or the employees.

12.     At all times mentioned herein, Plaintiff was and is an employee eligible for disability benefits and an insured under the Policy issued by Hartford.

13.     Said policy issued by Hartford provided, among other things, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to injury or sickness.

14.     On or about November 22, 2003, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

15.     After receiving the claim forms, Plaintiff filed a claim, cooperated with Defendant Hartford, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding the filing of a claim.

16.     Plaintiff's claim for disability was accepted by Hartford and benefits were issued.

17.     As of this date, Plaintiff continues to be disabled in that she is unable to perform all of the duties of her or any occupation, as a result of suffering from co-morbid conditions, including but not limited to, cervical radiculopathy, neuropathy, atrial fibrilation, loss of balance, Arnold-Chiari malformation, severe headaches and other resulting conditions.

18.     Pursuant to the policy, Hartford is obligated to continue to make monthly benefits to Plaintiff while she remains disabled

19.     Despite Plaintiff's total disability, Defendant has denied to recognize Plaintiff's eligibility for benefits under her co-morbid physical conditions, although payment thereof has been duly demanded.

20.     Said refusal on the part of Defendant Hartford is a willful and wrongful breach of the policy terms and conditions.

21.    Defendant Hartford is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim.

22.    Defendant Hartford's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, instead relying upon paid paper medical reviews by biased evaluators under the employ (directly or indirectly) of Hartford, the failure to consider the impact of her co-morbid physical conditions on her ability to perform all of the regular duties of her job with NS-LIJ, or any occupation for that matter, the failure to consider the impact of her medications on her ability to perform or any occupation for which he may be suitable.

23.    Defendant Hartford's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

24.    Defendant Hartford's biased, result oriented, claim handling failed to provide Plaintiff with a full and fair review of her claim.

25.    Defendant Hartford's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant Hartford's financial situation and prevented Plaintiff from receiving a full and fair review of her claim.

26.    Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

27.    Plaintiff is entitled to a De Novo review of her claim.

**WHEREFORE**, Plaintiff KIM FERRARA prays that she may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a)    Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that she is unable to perform any occupation;

b)    Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy;

c)    Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the applicable benefit period in the policy;

d)    Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e)    Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup her attorney's fees, as well as all other costs and disbursements of this action;

f)    Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

g)    Such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
      September 18, 2007

By:    _____

       Jason A. Newfield (JN-5529)
       Justin C. Frankel (JF-5983)
       FRANKEL & NEWFIELD, P.C.
       585 Stewart Avenue - Suite 301
       Garden City, New York 11530
       (516) 222-1600
       Attorneys for Plaintiff

X:\Shared\Ferrara\Complaint.wpd