UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

KIM FERRARA,   Case No. 07 Civ. 8179

        *Plaintiff,*

-against-   INITIAL SCHEDULING
        CONFERENCE ORDER

HARTFORD LIFE INSURANCE COMPANY,

        *Defendant.*

----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 12/5/07

    This action has been assigned to Judge Richard J. Holwell for all purposes. It is hereby ORDERED as follows:

1.    Description of the Case

    a.    Identify the attorneys of record for each party, including lead trial attorney;

Plaintiff, Kim Ferrara: Frankel & Newfield, P.C. : Jason A Newfield, Esq.

Defendant, Hartford Life Insurance Company: Russo Keane & Toner, LLP : Kevin G. Horbatiuk, Esq.

    b.    State the basis for federal jurisdiction;

The action arises under 29 U.S.C. sections 1001 et seq ( Employee Retirement Income Security Act of 1974 "ERISA").

    c.    Briefly describe the claims asserted in the Complaint and any counterclaims;

The plaintiff claims that she is entitled to long term disability benefits under the group policy the defendant issued to North Shore Long Island Jewish Health System, Inc. The defendant has denied the plaintiff's claims but has not raised any counterclaims.

    d.    State the major legal and factual issues in the case; and

The major legal issue in the case is whether the defendant's decision to deny the plaintiff's claim for long term disability benefits was arbitrary and capricious. Plaintiff intends to

argue that Defendant's claim handling conduct was influenced by its structural conflict of interest as both claim decider and claim payor. If such a showing can be made, Plaintiff will be entitled to a *de novo* review of the claim determination. Plaintiff will also seek discovery upon this issue.

      e.     Describe the relief sought

The plaintiff seeks a declaration that the defendant's decision to deny the plaintiff's claim was arbitrary and capricious, that the plaintiff is disabled under the terms and conditions of the policy which the defendant issued and for attorneys' fees, costs and disbursements of the action.

    2.     Proposed Case Management
        a.     Identify all pending motions;
There are no pending motions.
        b.     Propose a cutoff date for joinder of additional parties;
January 8, 2008.
        c.     Propose a cutoff date for amendments to pleadings;
January 8, 2008.
        d.     Propose a schedule for completion of discovery; including:

The defendant maintains that the scope of discovery in this case should be limited to the exchange of the Administrative Record. The plaintiff intends to seek discovery beyond the exchange of the Administrative Record, specifically discovery as to the issue of Defendant's conflict of interest and its influence upon the handling of Plaintiff's claim; the exact nature of the information considered by the fiduciary in making its decision; whether the fiduciary was competent to evaluate the information in the administrative record; How the fiduciary reached its decisions; and whether, given the nature of the information in the record, in was incumbent upon the fiduciary to seek appropriately qualified and unbiased assistance in reaching a "full and fair review" of the claim.

The attorneys for the parties agree to the following schedule subject to the defendant's objection regarding discovery beyond the exchange of the Administrative Record.

        I.     A date for Rule 26(a)(1) disclosures, if not previously completed;
December 18, 2007
        ii.    A fact discovery completion date;
April 3, 2008.
        iii.   A date for Rule 26(a)(2) disclosures; and
April 17, 2008.
        iv.   An expert discovery completion date, including dates for delivery of expert reports;
May 15, 2008.
        e.     Propose a date of filing dispositive motions;
June 2, 2008.
        f.     Propose a date for filing a final pretrial order; and
July 1, 2008.
        g.     Propose a trial schedule, indicating;
            I.     Whether a jury trial is requested;

       Non Jury
       ii.    The probable length of trial; and
       Two days.
       iii.   When the case will be ready for trial.
       July 15, 2008.

3. Consent to Proceed Before a Magistrate Judge: Indicate whether the parties consent unanimously to proceed before a Magistrate Judge

   Not currently.

4. Status of Settlement Discussions

   a.   Indicate whether any settlement discussions have occurred;

   None have occurred yet.

   b.   Describe the status of any settlement discussions; and

   None have occurred yet.

   c.   Whether parties request a settlement conference

   Plaintiff is interested in having a settlement conference.

5. The conference scheduled for December 7, 2007 is adjourned to April 18, 2008 at 10:00 a.m. following the close of any fact discovery.

**SO ORDERED**

Dated: New York, New York
       December 3, 2007

                                         Richard J. Howell, USDJ