KEVIN G. HORBATIUK (KGH-4977)
RUSSO, KEANE & TONER, LLP
26 Broadway - 28th Floor
New York, New York 10004
(212) 482-0001

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KIM FERRARA,                                   Case No. 07 Civ. 8179

                    Plaintiff,

     -against-                                 ANSWER

HARTFORD LIFE INSURANCE COMPANY,

                    Defendant.

-------------------------------------------------------------------x

      Defendant, **HARTFORD LIFE INSURANCE COMPANY ("HARTFORD"),** by its attorneys, **RUSSO, KEANE & TONER, LLP,** as and for its Answer to the Complaint, sets forth the following, upon information and belief:

### THE PARTIES

      1.    Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in the paragraph of the Complaint designated "1".

      2.    Denies each and every allegation set forth in the paragraph of the Complaint designated "2".

      3.    Admit the allegation set forth in the paragraph of the Complaint designated "3", "4", and "5".

### JURISDICTION AND VENUE

      4.    Admits the allegations set forth in the paragraphs of the Complaint designated "6", "7" and "8".

## FACTS

5. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in the paragraph of the Complaint designated "10".

6. Admits the allegations set forth in the paragraphs of the Complaint designated "11", "16" and "26".

7. Denies each and every allegation set forth in the paragraphs of the Complaint designated "9", "12", "15", "17", "19", "20", "21", "22", "23", "24", "25" and "27".

8. Denies each and every allegation set forth in the paragraph of the Complaint designated "13" and refers to the specific terms and conditions of the group Long-Term Disability policy which Hartford issued to its policyholder North Shore Long Island Jewish Health System, Inc. ("The Policy").

9. Denies each and every allegation set forth in the paragraph of the Complaint designated "14", except admits that plaintiff was paid long-term benefits from June 5, 2004 to February 20, 2007.

10. Denies each and every allegation set forth in the paragraph of the Complaint designated "18" and refers to the Policy for the specific terms and conditions regarding plaintiff's right to benefits.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. That plaintiff is not entitled to Long-Term Disability benefits under the terms of the Policy.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Plaintiff's causes of action and any recovery to which plaintiff may be entitled, which right of recovery is hereby specifically denied, are barred and/or limited to the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §1001, et. seq. and the decisions of the Supreme Court of the United States pertaining thereto.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. Plaintiff is not entitled to attorneys' fees and/or Pre-Judgment Interest.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

14. Without admitting that plaintiff is entitled to any Long-Term Disability Benefits

under the terms of the Policy, the defendant refers to the specific language of the Policy and reserves its rights to offset against monthly benefits the amounts of other benefits which the plaintiff receives on account of her disability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15. Any and all actions taken by Hartford regarding plaintiff's claim for Long-Term Disability Benefits under the Policy, were fair and reasonable and were performed in good faith based on all relevant facts known to Hartford at all applicable terms.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

16. The Complaint fails to state a claim upon which relief may be granted because Hartford did administer plaintiff's claim for benefits in an arbitrary and capricious manner but rather acted reasonably and in accordance with all the terms and conditions of the Policy and all pertinent plan documents.

**WHEREFORE,** defendant, **HARTFORD LIFE INSURANCE COMPANY,** demands judgment dismissing the Complaint of the plaintiff together with costs and disbursements of this action.

Dated: New York, New York
December 6, 2007

Yours, etc.

*/s/ Kevin G. Horbatiuk*

Kevin G. Horbatiuk (KGH-4977)
RUSSO, KEANE & TONER, LLP
Attorneys for Defendant
**HARTFORD LIFE INSURANCE COMPANY**
26 Broadway-28th Floor
New York, New York 10004
(212) 482-0001
(212) 482 0002
RKT File No. 836.006

TO: JASON A. NEWFIELD, ESQ.,
FRANKEL & NEWFIELD, P.C
Attorneys for Plaintiff
585 Stewart Avenue, Suite 301
Garden City, New York 11530
(516) 222 1600

3

## CERTIFICATION OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepared and properly addressed, this the 6th day of December, 2007.

JASON A. NEWFIELD, ESQ.,
FRANKEL & NEWFIELD, P.C.
Attorneys for Plaintiff
585 Stewart Avenue-Suite 301
Garden City, New York 11530

_____
KEVIN G. HORBATIUK